UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANTOS TOMAS MORALES JIMENEZ,

Petitioner,

v.

WARDEN,

Respondent.

No.  1:26-cv-02867-DAD-AC (HC)

ORDER GRANTING THE PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On April 16, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* and a motion for temporary restraining order seeking his immediate release from respondent's custody.  (Doc. Nos. 1, 2.)  On the same day, the court issued an order directing respondent to file an opposition to the pending motion in which respondent indicates both whether respondent opposes the court ruling on the merits of the underlying petition based upon the briefing currently before the court and whether this case is distinguishable from the circumstances addressed in the court's prior orders in *Majano Mendoza v. Andrews*, No. 1:26-cv-01976-DAD-CSK, 2026 WL 747344 (E.D. Cal. Mar. 17, 2026) and *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025).  (Doc. No. 5.)

On April 20, 2026, respondent filed an opposition.  (Doc. No. 7.)  Respondent concedes therein that "there are no significant factual or legal issues in this case that materially distinguish

1

it from the cases identified in the Order" thus indicating that nothing distinguishes this case from the circumstances addressed in the court's prior orders in *Majano Mendoza* and *Cajina*. (*Id.* at 1.) In addition, respondent states that respondent does not oppose the court ruling on the merits of the underlying petition based upon the briefing currently before it. (*Id.*) Still, respondent argues that petitioner's motion should be denied because petitioner is an "applicant for admission" subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). (*Id.* at 2.) The undersigned has previously rejected this argument on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).

Petitioner is a native and citizen of Guatemala. (Doc. No. 1 at ¶ 1.) He entered the United States on or about March 4, 2024 and was released into this country at a later unknown date. (*Id.* at ¶ 2.) Petitioner has been granted temporary protected status ("TPS")[1] (*Id.* at ¶ 3), and he further alleges that he has no prior criminal history (*id.* at ¶ 5). On or about January 22, 2026, petitioner was arrested by Immigration and Customs Enforcement agents while he was traveling to work. (*Id.* at ¶ 6.)

Petitioner's grant of TPS reflects a prior determination that he was not flight risk or a danger to the community. *See Hernandez Lazo v. Noem*, No. 2:25-cv-06639-NJC, 2026 WL 303430, at *15 (E.D.N.Y. Feb. 4, 2026) ("USCIS's decision to renew [the petitioner's] TPS, therefore, necessarily involved the determination that he posed no flight or public safety risk."). Respondent has not suggested that petitioner was re-detained due to any change in circumstances which would render him a flight risk or danger to the community. (*See* Doc. No. 7.) Because respondent has conceded that this case is not substantively distinct from the situations addressed in the court's prior orders in *Majano Mendoza* or *Cajina*, the court incorporates and adopts the

---

[1] "As part of the Immigration Act of 1990, Congress created the TPS program. The TPS program provides humanitarian relief to foreign nationals from specified countries. 8 U.S.C. § 1254a; *Sanchez v. Mayorkas*, 593 U.S. 409, 412 (2021). The Secretary of the Department of Homeland Security ("DHS") may designate a foreign country for TPS when individuals from that country cannot safely return due to armed conflict, natural disaster, or other extraordinary and temporary circumstances. *See* 8 U.S.C. § 1254a(b). While a non-citizen has TPS, they cannot be removed from the United States and can engage in employment. 8 U.S.C. § 1254a(a)(1)." *Rivas Velasquez v. Warden*, No. 1:25-cv-01818-CSK, 2026 WL 494475, at *1 n. 2 (E.D. Cal. Feb. 23, 2026).

reasoning set forth in those orders here and finds that petitioner's continued detention violates due process.

For the reasons explained above,

1.    Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

    a.    Respondent is ORDERED to immediately release petitioner Santos Tomas Morales Jimenez, A-File No. 245-874-103, from respondent's custody;

    b.    Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondent will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk.

2.    Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him the requested habeas relief;

3.    The Clerk of the Court is directed to serve the California City Corrections Center with a copy of this order; and

4.    The Clerk of the Court is directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **April 20, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3